# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Nos. 3:09-00044 & |
| | ) | 3:10-00015 |
| | ) | Judge Trauger |
| JOE EDWARD WEBB, JR. | ) | |

## MEMORANDUM and ORDER

On July 19, 2012, the defendant, acting *pro se*, filed a Motion For a Reduction of Sentence pursuant to the crack cocaine amendments (Docket No. 76), to which the government filed a brief response (Docket No. 78). After the appointment of counsel, the defendant filed a Supplemental Motion For Relief Under 18 U.S.C. § 3582(c)(2) (Docket No. 85), to which the government responded (Docket No. 86), and the defendant was allowed to file a Reply (Docket No. 91).

Under a plea agreement with the government, the defendant pled to Counts One and Two of a 17-count Indictment in Case No. 3:09-00044 and to an Information, charging him with attempt to possess with intent to distribute over 500 grams of cocaine, in Case No. 3:10-00015. Count One of the original Indictment charged him with conspiracy to distribute and possess with the intent to distribute over 50 grams of crack cocaine, and Count Two charged him with conspiracy to distribute and possess with intent to distribute a quantity of cocaine. Under the agreement, Counts Three through Seventeen of the original Indictment were dismissed. If the government filed a § 5K1.1 motion for downward departure as a result of the defendant's substantial assistance, the plea agreement contained a binding agreement for a sentence of 180

1

months. If the government did not file such a motion, the court was free to "impose a sentence taking into consideration the court-determined guidelines range and the statutory minimum sentence together with other sentencing factors." (Docket No. 51 at 13)

Because the government did not file a substantial assistance motion, there was no binding sentencing agreement. The presentence report calculated an adjusted offense level of 36, based on the quantity of drugs for which the defendant was held accountable, and a criminal history category of IV. However, because the defendant had been convicted of two predicate offenses and qualified as a Career Offender, his adjusted offense level automatically rose to a 37 pursuant to § 4B1.1(b)(A) of the 2010 Edition of the Federal Sentencing Guidelines, and his criminal history category automatically rose to a VI. After a three-level reduction for acceptance of responsibility, the defendant's total offense level was a 34, resulting in a guideline range of 262 to 327 months. Because of the quantity of crack cocaine with which he was charged in Count One of the original Indictment in Case No. 3:09-00044, a minimum mandatory term of 20 years in prison applied to Count One. Because of the volume of cocaine with which he was charged in the Information in Case No. 3:10-00015, a minimum mandatory prison term of 10 years applied to that case.

Under *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012) and *Freeman v. United States*, _ U.S. _, 131 S. Ct. 2685, 180 L.Ed.2d 519 (2011), if this court's sentence was based on the crack cocaine guideline range instead of the Career Offender guideline range, the defendant is entitled to sentencing relief under the crack cocaine amendments. As the sentencing hearing transcript makes clear, this court rejected the Career Offender guideline range of 262 to 327 months and, instead, sentenced the defendant to the statutory minimum mandatory term for the

crack cocaine charge of 240 months. (Docket No. 87 at 6-7) As the Supplement to the Presentence Report makes clear, that minimum mandatory has been reduced by the Fair Sentencing Act to 120 months from 240 months. Although the Supplement does not calculate what the sentencing range would be under the Fair Sentencing Act, absent the Career Offender enhancements, it is clear that the sentencing range would be lower. By separate order, the court will request the Probation Office to do that calculation.

The defendant is not entitled to any relief with regard to his sentencing on Count Two of the original Indictment or on the Information, both of which charged him with offenses involving powder cocaine. However, he is entitled to seek a sentence reduction on Count One of the original Indictment, despite the fact that he qualifies as a Career Offender, because the court did not base its sentence on the Career Offender guideline.

It is hereby **ORDERED** that this case is set for re-sentencing on Friday, March 29, 2013, at 2:00 p.m.

It is so **ORDERED**.

ENTER this 14th day of February 2013.

_____
ALETA A. TRAUGER
U.S. District Judge